IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03157-M

JORGE GALEAS, Jr., )
 )
 Plaintiff, )
 )
v. ) **ORDER**
 )
DUANE H. BARTLETT, et al., )
 )
 Defendants. )

On June 20, 2024, Jorge Galeas, Jr., (a.k.a. Jorge Gevara or Jorge Galeas-Menchú-El, Jr.) ("plaintiff"), a state inmate, filed *pro se* a civil-rights complaint sounding under 42 U.S.C. § 1983, see Compl. [D.E. 1], and a motion to proceed without prepayment of fees, Mot. [D.E. 2].

The three-strikes provision of the Prison Litigation Reform Act ("PLRA") precludes a prisoner from proceeding without prepayment of fees if the prisoner has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 406–10 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544–45 (4th Cir. 1999).

Plaintiff has filed at least three actions that a federal court dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. See, e.g., Galeas v. Previtire, No. 3:11-CV-582-RJC, 2012 WL 5985667 (W.D.N.C. Nov. 28, 2012); Galeas v. Byrd, No. 3:11-CV-543-RJC, 2011 WL 6370373 (W.D.N.C. Dec. 20, 2011), aff'd 469 F. App'x 236 (4th Cir. 2012) (per curiam) (unpublished); Galeas v. Hamilton, No. 3:11-CV-587-RJC, 2011 WL

5971059 (W.D.N.C. Nov. 29, 2011), aff'd 469 F. App'x 230 (4th Cir. 2012) (per curiam) (unpublished). Plaintiff also has had cases dismissed under 28 U.S.C. § 1915(g). See, e.g., Galeas v. Gray, No. 5:13-CT-3041-D, 2013 WL 1890746, at *3 (E.D.N.C. May 6, 2013). Thus, to proceed without prepayment of fees in this action, plaintiff must plausibly allege that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The imminent danger "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see also Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (per curiam) (unpublished); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished). Vague, speculative, or conclusory allegations are insufficient to invoke this exception; rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050.

Here, plaintiff generally alleges that, at Harnett C.I. on June 2 and 3, 2024, various defendants violated "the Immunity Clause of the Constitution of the United States of America in the family of Nations [sic]" when they compelled plaintiff to give a urine sample. See Compl. [D.E. 1] at 5. Plaintiff contends that defendants' collection of his urine sample deprived him of his "unalienable birthrights [sic]" to privacy and constitutes "kidnapping, hostage, humiliation, intimidation, embarrassment, discomfort, emotional pain, suffering, and irreparable harms [sic]." Id. at 5–6. Plaintiff further alleges that defendants' collection of his urine sample was a misuse of his private property and "willfully infringed the copyrights in the name of JORGE GEVARA © copyrighted works [sic]." Id. at 7–8. Plaintiff also alleges, *inter alia*, various defendants: forced him to turn out his pockets; raised their voice at him and gave an "unlawful order"; "compelled

2

Case 5:24-ct-03157-M   Document 4   Filed 06/24/24   Page 2 of 5

[him] to take off [his] shirt jacket which constitutes sexual harassment"; refused to "show [an] ID card verifying to [plaintiff that he was] a registered correctional officer [sic]"; failed to wear a uniform hat, and therefore were "masquerading as a correctional officer"; trespassed on plaintiff's "24 hour period [sic]"; compelled plaintiff to go outside on the yard; either don't allow canteen access or limit plaintiff to 5 items or less; have not allowed inmates to use the softball field for at least 3 years; fail to provide "movies on DVD every weekend for entertainment enjoyment and education purposes"; and are denying "enough writing paper, carbon paper, pens, color pens to authenticate [his] legal documents properly, aids, legal assistance, legal materials, law books, property, and etc. [sic]." See id. at 9–12. Plaintiff asserts his false imprisonment since 2007 itself is "an ongoing serious physical injury to all of [his] Unalienable Birthrights" such that he needs relief enjoining all defendants "from depositing irreparable harms [sic]." Id. at 13–14.

For relief, plaintiff writes:

> I . . . demand a Decree against all the Defendants listed above requiring them to cease those cause of actions that are found to have violated and deprived all of my unalienable Birthrights, Diplomatic Immunity, Sovereign Immunity, Nationality, Business Affairs, Copyright/ TradeName/ TradeMark, my mission, duties, and obligations. I demand punitive damages and full reparation of all my Unalienable Birthrights and a court of chancery and that the Defendants take theses cause of actions necessary to protect all of my Unalienable Birthrights Given to me by God. I demand that this case be place in the Newspaper published at Harnett County for 3 weeks or to be posted on the court bulletin board for 3 weeks. I demand my right to Amend this cause of Action [sic].

Id. at 15 (capitalization and spelling original).

Succinctly stated, because these claims fail to satisfy the PLRA's "imminent danger" exception, plaintiff may not proceed without prepayment of fees. See 28 U.S.C. § 1915(g); Martin, 319 F.3d at 1050; Chase, 466 F. App'x at 186–87.

Additionally, under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

"North Carolina prisoners can satisfy the [PLRA] exhaustion requirement by completing all three of the steps of the inmate grievance process, which culminates in the rendering of a decision upon the prisoner's appeal by the North Carolina Inmate Grievance Resolution Board." Harris v. Midford, No. 1:10-CV-263-RJC, 2011 WL 1601446, at *2 (W.D.N.C. Apr. 27, 2011). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007); see Ross v. Blake, 578 U.S. 632, 639 (2016); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (noting that exhaustion is required "regardless of the relief offered through administrative procedures.").

Failure to exhaust administrative remedies is an affirmative defense that a defendant generally must plead and prove. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005), abrogated on other grounds by Custis v. Davis, 851 F.3d 358 (4th Cir. 2017). However, "[a] court may sua sponte dismiss" where plaintiff's failure to exhaust administrative remedies is apparent on the face of the complaint. Custis, 851 F.3d at 361 (citation omitted).

Plaintiff acknowledges on the face of the complaint that he did not exhaust administrative remedies regarding these allegations before filing this action. See Compl. [D.E. 1] at 15.

Thus, because plaintiff plainly failed to exhaust administrative remedies before filing this action, and because plaintiff fails to plausibly allege that administrative remedies were unavailable, cf. Ross, 578 U.S. at 643–44, the court dismisses the complaint without prejudice, see id. at 639 ("[A] court may not excuse a failure to exhaust, even to take [special] circumstances into account."

4

(citation omitted)); Jones, 549 U.S. at 211; Woodford, 548 U.S. at 85; Booth, 532 U.S. at 741; Custis, 851 F.3d at 361; see also Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (noting courts typically dismiss an action without prejudice when an inmate files suit prior to exhausting his administrative remedies); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003) (noting that "permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a)"); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (finding failure to exhaust administrative remedies may not be cured by amendment of the complaint).

Finally, plaintiff also fails to show clear entitlement to the requested injunctive relief or establish the requisite extraordinary circumstances. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (outlining standard for preliminary injunctive relief); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (noting the Supreme Court has rejected a standard allowing a plaintiff to demonstrate only the "possibility" of irreparable harm), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standard for both a Temporary Restraining Order and a preliminary injunction); Taylor v. Freeman, 34 F.3d 266, 268–69 (4th Cir. 1994) (noting that injunctive relief involving prison management is granted only in extraordinary circumstances).

In sum, the court DENIES the motion to proceed without prepayment of fees [D.E. 2], and DISMISSES WITHOUT PREJUDICE the complaint either pursuant to 28 U.S.C. § 1915(g), or because plaintiff failed to exhaust administrative remedies. The clerk shall close the case.

SO ORDERED this 24th day of June, 2024.

RICHARD E. MYERS II
Chief United States District Judge